MUTUAL SUPPLY CO. (H. H. MACDONAUGH & Co.) v. UNITED STATES

**No. 5371.**—Invoice dated Sakae, Japan, April 17, 1935.
Entered at Los Angeles, Calif., May 15, 1935?
Entry No. 8145.

(Decided August 1, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:
(1) That as to the merchandise involved herein, represented on the invoice by the items marked "A" and initialed by examiner *GRG G. R. Gulick* the market value or price at the time of exportation, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit prices, packed.
(2) That at the time of exportation there was no higher foreign value for this merchandise and that the appraisement made under authority of the Presidential proclamation published in TD 46158 was not applicable to said merchandise, based upon the decisions in RD 4444 and 4570.
(3) That the appeal as to all other merchandise not marked with the letter "A" as stated above and contained on the invoice is abandoned, and that this case may be submitted on the foregoing stipulation.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoice by the items marked A and initialed by examiner GRG, G. R. Gulick, such values are the invoiced unit prices, packed.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.